```
            IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
GENTEX CORPORATION            :          CIVIL ACTION
                              :
          v.                  :
                              :
SUPERIOR MOLD COMPANY         :          NO. 20-632
```

MEMORANDUM

Bartle, J.                                September   28, 2020

Plaintiff Gentex Corporation ("Gentex") has sued defendant Superior Mold Company ("Superior") in this diversity action for breach of contract with respect to Superior's manufacture of components sold to Gentex and used to affix oxygen masks to flight helmets for the military.  Gentex also asserts claims for fraud, negligent misrepresentation, and negligence.

Before the court is the motion of Superior to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In the alternative, Superior moves for a more definite statement pursuant to Rule 12(e).

I

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff.

See <u>Phillips v. Cty. of Allegheny</u>, 515 F.3d 224, 233 (3d Cir.
2008); <u>Umland v. PLANCO Fin. Servs., Inc.</u>, 542 F.3d 59, 64
(3d Cir. 2008).  We must then determine whether the pleading at
issue "contain[s] sufficient factual matter, accepted as true,
to 'state a claim to relief that is plausible on its face.'"
<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell</u>
<u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

On a motion to dismiss under Rule 12(b)(6), the court
may consider "allegations contained in the complaint, exhibits
attached to the complaint, and matters of public record."
<u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>,
998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen
Wright & Arthur R. Miller, Federal Practice and Procedure § 1357
(2d ed. 1990)).  The court may also consider "matters
incorporated by reference or integral to the claim, items
subject to judicial notice, matters of public record, orders,
[and] items appearing in the record of the case."  <u>Buck v.</u>
<u>Hampton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir. 2006)
(citing 5B Charles Allen Wright & Arthur R. Miller, Federal
Practice and Procedure § 1357 (3d ed. 2004)).

II

Superior first seeks dismissal of the breach of
contract claim on the ground that a novation occurred, that is,
that a new contract replaced the contract on which Gentex is

-2-

suing.  Superior relies on facts outside of those alleged in the complaint.  See VAI, Inc. v. Miller Energy Res., Inc., 2013 WL 5842614 (E.D. Pa. Oct. 31, 2013).  Such facts cannot be considered in deciding a motion to dismiss under Rule 12(b)(6).  Accordingly, Superior's motion to dismiss the contract claim will be denied.

III

Superior moves to dismiss Gentex's negligence count under Pennsylvania's "gist of the action" as enunciated by the state Supreme Court in Bruno v. Erie Ins. Co., 106 A.3d 48 (Pa. 2014).  The court explained that when a plaintiff brings tort and contract claims together, a court must look to the nature of the duty allegedly violated to decide if the claim sounds in tort or breach of contract.  It cannot be both.  The Court explained,

> If the facts of a particular claim establish that
> the duty breached is one created by the parties
> by the terms of their contract—i.e., a specific
> promise to do something that a party would not
> ordinarily have been obligated to do but for the
> existence of the contract—then the claim is to be
> viewed as one for breach of contract. . . . If,
> however, the facts establish that the claim
> involves the defendant's violation of a broader
> social duty owed to all individuals, which is
> imposed by the law of torts and, hence, exists
> regardless of the contract, then it must be
> regarded as a tort. (internal citation omitted).

Id. at 68.

The gravamen of the complaint is that the military parts manufactured by Superior for Gentex did not conform to Gentex's standards and specifications as required by the contractual documents.  The purchase orders provided to the court included the following terms and conditions:

>   11.  QUALITY.  All materials furnished must be as specified and will be subject to Gentex inspection and approval after delivery.  Gentex reserves the right to reject and return at the risk and expense of the Seller such portion of any shipment which may be defective or fail to comply with specifications, without invalidating the remainder of the order.  If goods delivered under this Purchase Order are rejected, they will be held for disposition at Seller's expense and risk.
>
>   12.  WARRANTY.  Seller expressly warrants, unless otherwise agreed to in writing signed by both parties, that the articles ordered and parts, materials and work covered hereby shall conform to the specifications, drawings, samples of other description furnished or specified by Gentex and shall be merchantable, fit for the purpose intended, of good material and workmanship and free of defects.  This warranty shall inure to Gentex, its successors, assigns, customers and the users of its products and shall survive Gentex inspection and acceptance of the articles ordered hereby.  ANY ATTEMPT BY SELLER TO LIMIT, DISCLAIM OR RESTRICT ANY OF THE WARRANTIES HEREIN, BY ACKNOWLEDGEMENT OR OTHERWISE, IN ACCEPTING OR PERFORMING THE ORDER SHALL BE NULL AND VOID WITHOUT THE PRIOR WRITTEN CONSENT OF BUYER.

The complaint also references Gentex "Product
Assurance Requirements and Guidelines for Purchase Order Quality
Review" applicable to its purchase orders.  With each shipment
to Gentex, Superior provided a certificate of compliance
attesting that the parts were "in full compliance with all
applicable specifications" and were "designed, produced and/or
purchased per Gentex or other stated requirements from approved
sources and have not been altered and/or misrepresented."

Gentex alleges that Superior has breached these
specific contractual provisions.  Consequently, the gist of the
action doctrine compels the court to dismiss the negligence
claim against Superior since that claim does not involve the
violation of some broader social duty but rather a breach of
express promises made to Gentex.

IV

Superior in addition seeks the dismissal of the fraud
count under Rule 12(b)(6) for failure to "state with
particularity the circumstances constituting fraud" as required
under Rule 9(b).

Gentex alleges that it relied on Superior's
certificates of compliance with the contractual specifications
and requirements and that the certificates "were false in that
Superior . . . was aware that parts failed to comply with the
drawings provided by Gentex and that this tooling had been

-5-

altered."  Gentex further alleges that the "false
representations made by Superior . . . were made with actual
knowledge of their falsity and were material to the purchase
transaction."

Under Rule 9(b), a party alleging fraud must allege
"all of the essential factual background that would accompany
'the first paragraph of any newspaper story' — that is the 'who,
what, when, where and how' of the events at issue."
In Re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 217
(3d Cir. 2003).  As the Court of Appeals stated more recently in
Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007), "To
satisfy this [Rule 9(b)] standard, the plaintiff must plead or
allege the date, time and place of the alleged fraud or
otherwise inject precision or some measure of substantiation
into a fraud allegation."  Nonetheless, in some instances, the
standard is relaxed "where the factual information is peculiarly
within the defendant's knowledge or control."  In Re Burlington
Coat Factory Secur. Lit., 114 F.3d 1410, 1418 (3d Cir. 1997).
Even in this circumstance, the plaintiff must still "accompany
such a [fraud] allegation with a statement of facts upon which
[the] allegation is based."  Shapiro v. UJB Financial Corp., 964
F.2d 272, 285 (3d Cir. 1992); Friedberg v. Barefoot Architect,
Inc., 723 Fed. App'x 100, 103 (3d Cir. 2017).  The plaintiff
"must delineate at least the nature and scope of plaintiff's

-6-

effort to obtain, before filing the complaint, the information needed to plead with particularity." Id.  The purpose of the particularity rule is to protect a party's "reputation from improvident charges of wrongdoing."  United States ex rel Ladas v. Exedis, Inc., 824 F.3d 16, 25-26 (2d Cir. 2016).  It also places defendants on notice of the "precise misconduct with which they are charged."  United States ex rel Pelras v. Simparel, Inc., 857 F.3d 497, 502 (3d Cir. 2017).

Here, Gentex has alleged breach of contract against Superior.  The fraud allegations are simply the breach of contract allegations dressed up with additional conclusory language.  There are no factual specifics beyond what Gentex pleads in support of its contract claims.  There are no details as to who at Superior committed fraud or when or how it was committed.  According to the complaint, the parties have been doing business since 2014.  Moreover, Gentex has not explained any effort to obtain the information needed to plead with particularity.  In sum, the fraud claim of Gentex does not state a claim for relief as required under Rule 12(b)(6) and Rule 9(b).

Even if Gentex has pleaded the fraud count with particularity, it must still be dismissed based on the gist of the action doctrine.  The complaint, as noted, contains a viable breach of contract claim along with tort claims including that

-7-

of fraud.  As with Gentex's negligence claim, its claim for
fraud arises out of Superior's specific contractual obligations
to it and not out of Superior's violation of a broader social
duty.  See Bruno, 106 A.3d at 68; see also Etoll v. Elias/Savian
Advertising, 811 A.2d 10 (Pa. Super. 2002).  Consequently, the
fraud count must also be dismissed under the gist of the action
doctrine.

V

        Superior moves to dismiss Gentex's claim for negligent
misrepresentation because it does not meet the heightened
pleading requirement for fraud under Rule 9(b).  While the case
law is not in total harmony, the undersigned has previously
decided that a notice pleading under Rule 8(a) is sufficient.
Sims v. Viacom, Inc., 2009 WL 3856667 at *2 (E.D. Pa.
Nov. 17, 2009).

        The resolution of the proper pleading standard,
however, does not resolve the question whether the claim
survives.  Again, a breach of contract claim under Pennsylvania
law is properly pleaded.  Like Gentex's other tort claims of
negligence and of fraud, its negligent misrepresentation claim
arises out of Superior's specific contractual duties and not out
of Superior's violation of a broader social duty.  See Bruno,
106 A.3d at 68.  Consequently, the negligent misrepresentation

claim fails and will be dismissed under the gist of the action doctrine.

VI

Finally, the court has before it Superior's motion in the alternative to compel Gentex to file a more definite statement of the complaint under Rule 12(e).  To prevail under this Rule, the pleading must be "so vague and ambiguous that the party cannot reasonably prepare a response."  Superior's alternative motion is without merit and will be denied.