```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GENTEX CORPORATION            :
                              :       CIVIL ACTION
        v.                    :
                              :
SUPERIOR MOLD COMPANY         :       NO. 20-632
```

MEMORANDUM

Bartle, J.                                December 29, 2020

Plaintiff Gentex Corporation ("Gentex") has sued defendant Superior Mold Company ("Superior") alleging breach of contract[1] with respect to Superior's manufacture of components sold to Gentex and used to affix oxygen masks to flight helmets for the U.S. military. Thereafter, Superior filed an answer with five counterclaims: breach of contract, promissory estoppel, unjust enrichment, misappropriation of intellectual property, and quantum meruit.

Before the Court is the motion of Gentex to dismiss all five of Superior's counterclaims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Superior moves for a more definite statement pursuant to Rule 12(e).

---

[1] On September 28, 2020, this Court dismissed Gentex's claims for fraud, negligent misrepresentation, and negligence. See Doc. # 28.

I

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

On a motion to dismiss under Rule 12(b)(6), the court may consider "allegations contained in the complaint, exhibits attached to the complaint, and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).  The court may also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case."  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

II

The following facts are alleged in Superior's counterclaims and are taken as true for present purposes.

Beginning in or around 2014, Superior and Gentex entered into multiple agreements related to Superior manufacturing parts for flight helmets for Gentex. One of the parts Gentex requested from Superior was a rotatable receiver base used to connect an oxygen mask to a flight helmet, referred to as an "R2 Receiver." In or around early 2015, the R2 Receivers began exhibiting failure due to cracking while being attached to the helmet. In or around late January 2019, Gentex proposed completely reworking the design for the R2 Receiver. As a result, Superior's engineers made specific recommendations to Gentex regarding the molding process and design for the R2 Receivers.

On or around May 21, 2019, Gentex agreed to a novation of the prior agreements where Gentex would continue to order and purchase non-R2 Receiver parts from Superior, while Superior would work to determine the root cause of the cracking issue. Subsequently, on or about September 16, 2019, Gentex picked up all of its molds from Superior's warehouse without cancelling any of the open purchase orders. According to Superior, Gentex has taken Superior's proposed mold design modifications and has misappropriated that intellectual property in order to enable Superior's competitors to create the mold and produce R2 Receivers.

III

We first address Gentex's argument that Superior's counterclaims for promissory estoppel (Count II), unjust enrichment (Count III), and quantum meruit (Count V) should be dismissed. Gentex asserts that each of these claims is barred by the existence of one or more written agreements, that is purchase orders, which Superior admits govern the parties' relationship. Superior counters that it is permitted to plead in the alternative certain counterclaims for equitable relief.

Promissory estoppel allows a Court to enforce a party's promise that is unsupported by consideration. Carlson v. Arnot-Ogden Mem'l Hosp., 918 F.2d 411, 416 (3d Cir. 1990). Generally, this doctrine is invoked in situations where the formal requirements of contract formation have not been satisfied and where justice would be served by enforcing a promise. Id. Under Pennsylvania law, a claim for promissory estoppel "can only exist where there is no contract." Iversen Baking Co., Inc. v. Weston Foods, Ltd., 874 F. Supp. 96, 102 (E.D. Pa. 1995). The Supreme Court of Pennsylvania has also explained that, "the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between parties is founded on a written agreement or express contract." Schott v. Westinghouse Electric Corp., 259 A.2d 443, 448 (1969). Unjust enrichment is an "equitable remedy

and synonym for quantum meruit." Powers v. Lycoming Engines, 328 F. App'x 121, 126 (3d Cir. 2009).

In the present case, Superior avers that written contracts exist between the parties. Specifically, the parties maintain that the various claims in this action are governed by certain purchase orders. While we recognize that a party is permitted to plead inconsistent claims for relief under Rule 8(d) of the Federal Rules of Civil Procedure, viable inconsistent claims for promissory estoppel, unjust enrichment, and quantum meruit cannot rest on the existence of a contract. Superior's claims, however, do so.

Indeed in its counterclaims, Superior states in paragraph four, under the "facts common to all causes of action" section that, "[b]eginning in 2014, Gentex and Superior entered into multiple agreements related to Superior molding parts for flight helmets for Gentex." With respect to its promissory estoppel counterclaim, it states in paragraph 27 that:

> Superior and Gentex had a clear and unambiguous promise to each other <u>based on the agreement and understanding of the parties</u>.

Describing its unjust enrichment counterclaim, Superior asserts:

> Gentex's receipt and retention of that benefit is unjust and is at the expense of Superior's rights <u>because of the written agreement between the parties</u> and the subsequent purchase orders issued to Superior by Gentex.

Finally, with respect to its quantum meruit counterclaim, it avers:

> Within the last three years, Superior has provided Gentex, at its special instance and request, with services as provided in the <u>agreement between the parties</u>.

(Emphasis added).  Because Superior does not dispute even in the alternative a lack of an agreement between the parties, the doctrines of promissory estoppel, unjust enrichment, and quantum meruit cannot stand.  Accordingly, we will grant the motion of Gentex to dismiss Superior's counterclaims for promissory estoppel (Count II), unjust enrichment (Count III), and quantum meruit (Count V).

IV

Gentex in addition seeks to dismiss Superior's breach of contract counterclaim (Count I) on the ground that Superior is relying on a novation theory and the original purchase order "makes it impossible for Superior [ ] to plausibly allege a novation without amendment."  Superior counters that its breach of contract counterclaim is based completely on separate transactions that the parties entered into while they attempted to resolve the issues with the original purchase orders, not the original R2 Receiver purchase order.

Under Pennsylvania law, a claim for breach of contract exists where it can be shown:  (1) the existence of a contract, including its essential terms; (2) a breach of the contract; and

(3) resultant damages.  Doe v. Univ. of Scis., 961 F.3d 203, 211 (3d Cir. 2020).

Superior has pleaded that the parties entered into multiple contracts for non-R2 Receiver related materials and that Gentex violated these agreements by not making the required payments.  As a result, Superior has manufactured unique materials for which it has no use.  Superior has satisfied the required conditions to state a viable claim for breach of contract.  Accordingly, the motion of Gentex to dismiss Superior's breach of contract counterclaim (Count I) will be denied.

V

Gentex also moves to dismiss Superior's counterclaim for misappropriation of intellectual property on the ground that Superior failed to allege that it took measures to "guard the secrecy of any purported design modifications or that Gentex breached any purported duty of confidentiality."  Superior counters that Gentex sought out Superior's expertise and "knew or should have known" that specific design modifications proposed by Superior was not known to the general public and was a trade secret.

Under the Pennsylvania Uniform Trade Secrets Act ("PUTSA"), misappropriation is defined to include the "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means" or the "disclosure or use of a trade secret of another without express or

implied consent." See 12 Pa. C.S.A. § 5302. Whether the information alleged to have been misappropriated rises to the level of a trade secret under PUTSA is a question of fact. Kimberton Healthcare Consulting, Inc. v. Primary PhysicianCare, Inc., 2011 WL 6046923, at *4 (E.D. Pa. Dec. 6, 2011)

In this case, the counterclaim identifies that Superior provided Gentex with what it believes to be trade secret designs, which Gentex then shared with Superior's competitor. These allegations are sufficient at the pleading stage to state a plausible misappropriation claim. We of course do not make any judgment on whether either party is entitled to relief on the merits. Accordingly, the motion of Gentex to dismiss Superior's misappropriation of intellectual property counterclaim (Count IV) will be denied.

VI

Finally, the court has before it Gentex's motion in the alternative to compel Gentex to file a more definite statement under Rule 12(e). To prevail under this Rule, the pleading must be "so vague and ambiguous that the party cannot reasonably prepare a response." Gentex's alternative motion is without merit and will be denied.